IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHRISTOPHER DANIEL KEMMERLY,**

    **Plaintiff,**

    v.                                    CASE NO. 17-3159-SAC

**KELLY HERZET, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff Christopher Daniel Kemmerly, is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why his claims against Defendant Kelly Herzet should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein. The Court finds that proper processing of Plaintiff's claims against Defendant Brook Haubenstein, RN, cannot be achieved without additional information from appropriate officials of Butler County, Kansas.

**I. Nature of the Matter before the Court**

Plaintiff was booked into the Butler County Detention Facility on July 12, 2017, and remains there as a pretrial detainee. Plaintiff alleges that he is being denied medical care despite numerous requests. Plaintiff has an STD that causes abdominal and genital pain, inflammation and discharge. He also suffers from a tooth that is busted in half with an exposed root. The denial of proper corrective eyewear is causing him to suffer from headaches and eye pain.

On July 26, 2017, Plaintiff submitted a "medical inquiry" noting he had a possible STD due to "pain in his pubic region and genitals," and "having been with an individual who might have been HIV positive." Plaintiff received a physical exam from Nurse Jen, who told Plaintiff that Defendant Haubenstein would only approve testing for a UTI, which came back clear. Plaintiff informed Nurse Jen that he had an exposed root after losing a filling in his tooth, and about his need for corrective lenses. Plaintiff was booked in with contact solution, but it was misplaced by staff. Nurse Amy gave Plaintiff salt water rinse, which caused Plaintiff's contacts to become brittle and to tear. Plaintiff requested corrective lenses or eye glasses. Defendant Haubenstein responded by telling Plaintiff to submit a sick call for his headaches and to contact family to provide him with glasses or contacts, or to buy reading glasses from the commissary. Plaintiff is near-sighted, with a current prescription of -6.25 and -6.00, and does not need reading glasses. After Plaintiff submitted the proper paperwork with his current prescription from his eye doctor, Defendant Haubenstein denied Plaintiff's request for corrective glasses.

On August 23, 2017, Plaintiff made another request stating he still needed glasses, he was experiencing toothaches, and he was still having abdominal pain due to his STD. Defendant Haubenstein responded that Plaintiff should "submit a sick call," that they "don't provide glasses," and that he should not wear contacts because he is "setting [himself] up for eye injury." That week, Defendant Haubenstein ceased to allow the other medical staff to provide Plaintiff with contact solution. In between August 24 and 26, Nurse Cici demanded and received the contacts. On August 26, 2017, Plaintiff submitted another sick call regarding his STD, because he had abdominal pain, genital pain, discharge, and "crusty build up in [his] eyes every morning." Defendant Haubenstein prevented staff from testing for an STD. In response to Plaintiff's August 26 sick call, he was given another UTI test, which again came back clear. All

attempts by Plaintiff to receive medical care for his eyesight, toothaches and STD, have been vetoed by Defendant Haubenstein.

Plaintiff's request for relief seeks medical care in the form of proper STD screening (including testing for HIV/AIDS, Hepatitis C, and Herpes), dental work, and an eye/vision examination for proper corrective eyewear. Plaintiff also seeks punitive and compensatory damages.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).  Section "1915A applies to all prison litigants, without regard to their fee status, who bring civil suits against a governmental entity, officer, or employee." *Plunk v. Givens*, 234 F.3d 1128, 1129 (10th Cir. 2000); *see also Martin v. Scott,* 156 F.3d 578, 579–80 (5th Cir. 1998) (finding that the statutory screening provision under § 1915A applies to all prisoners' actions against governmental entities, officers, and employees, regardless whether the prisoner is proceeding *in forma pauperis*).  The independent duty to screen prisoner complaints therefore extends to prisoner actions that have been removed from state court. *See Duff v. Yount,* 51 F. App'x. 520, 521 (6th Cir. 2002) (screening removed prisoner action under §§ 1915(e) and 1915A).  Accordingly, the Court will screen Plaintiff's Complaint under § 1915A. The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

3

committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### A. Defendant Herzet

Plaintiff has failed to allege any personal involvement by Defendant Kelly Herzet, Butler County Sheriff.  The claims against Sheriff Herzet require proof that he personally committed a constitutional violation.  *Keith v. Koerner*, 843 F.3d 833, 837–38 (10th Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.")).  It is not enough that a defendant acted in a supervisory role when another defendant violated a plaintiff's constitutional rights.  *Keith*, 843 F.3d at 838.

Plaintiff "must show an affirmative link between [Herzet] and the constitutional violation, which requires proof of three interrelated elements: (1) personal involvement; (2) causation; and (3) state of mind." *Id.* (internal quotation marks omitted) (citing *Schneider v. City of Grand Junction Police Dep't.*, 717 F.3d 760, 767 (10th Cir. 2013) (quoting *Dodds*, 614 F.3d at 1195)).  Because Plaintiff has failed to allege any personal involvement by Defendant Herzet, his claims against him are subject to dismissal.

### B.  Defendant Haubenstein

The Court finds that proper processing of Plaintiff's claims against Defendant Brook Haubenstein, RN, cannot be achieved without additional information from appropriate officials of Butler County, Kansas.  *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991).

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **January 8, 2018,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's claims against Defendant Kelly Herzet, Butler County Sheriff, should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED THAT:**

(1)  The clerk of court shall prepare waiver of service forms pursuant to Fed. R. Civ. P. 4(d), to be served upon Defendant Haubenstein at no cost to Plaintiff.  The report required herein shall be filed no later than sixty (60) days from the date of this Order, and the answer shall be filed within thirty (30) days following the receipt of that report by counsel for Defendant or the date set forth in the waiver of summons, whichever is later.

(2)  Officials responsible for the operation of the Butler County Jail are directed to undertake a review of the subject matter of the Complaint:

    (a)  to ascertain the facts and circumstances;

    (b)  to consider whether any action can and should be taken by the institution to resolve the subject matter of the Complaint;

    (c)  to determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Complaint and should be considered together.

  (3)  Upon completion of the review, a written report shall be compiled which shall be filed with the Court. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any tapes of the incident underlying Plaintiff's claims shall also be included.

  (4)  Authorization is granted to the appropriate officials of Butler County, Kansas, to interview all witnesses having knowledge of the facts including Plaintiff.

  (5)  No answer or motion addressed to the Complaint shall be filed until the *Martinez* Report requested herein has been prepared and filed.

  (6)  Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed Defendant's answer or response to the Complaint and the report required herein. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

  **IT IS FURTHER ORDERED that** the clerk of court shall enter the Butler County Sheriff as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein. Upon the filing of that report, the Butler County Sheriff may move for termination from this action.

Copies of this Order shall be transmitted to Plaintiff, to Defendant, and to the Sheriff of Butler County, Kansas.

**IT IS SO ORDERED**.

**Dated on this 19th day of December, 2017, in Topeka, Kansas.**


<u>s/ Sam A. Crow</u>
**SAM A. CROW**
**U. S. Senior District Judge**