# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**CHRISTOPHER DANIEL KEMMERLY,**

    **Plaintiff,**

    v.                                          **CASE NO. 17-3159-SAC**

**KELLY HERZET, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this civil rights action alleging that he was denied proper medical care during his pretrial detention at the Butler County Detention Facility. Plaintiff named as Defendants Kelly Herzet, Butler County Sheriff, and Brook Haubenstein, R.N. with Advanced Correctional Healthcare. Plaintiff's request for relief seeks medical care in the form of proper STD screening (including testing for HIV/AIDS, Hepatitis C, and Herpes), dental work, and an eye/vision examination for proper corrective eyewear. Plaintiff also seeks punitive and compensatory damages.

The Court entered a Memorandum and Order and Order to Show Cause on December 19, 2017 ("MOSC"), requiring Plaintiff to show good cause why his claims against Defendant Kelly Herzet, Butler County Sheriff, should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed in the MOSC. This matter is before the Court on Plaintiff's Response (Doc. 5) to the MOSC.

The Court found in the MOSC that Plaintiff "must show an affirmative link between [Herzet] and the constitutional violation, which requires proof of three interrelated elements:

(1) personal involvement; (2) causation; and (3) state of mind." *Keith v. Koerner*, 843 F.3d 833, 838 (10th Cir. 2016) (internal quotation marks omitted) (citing *Schneider v. City of Grand Junction Police Dep't.*, 717 F.3d 760, 767 (10th Cir. 2013) (quoting *Dodds*, 614 F.3d at 1195)).

The Court found in the MOSC that Plaintiff failed to allege any personal involvement by Defendant Herzet. The claims against Sheriff Herzet require proof that he personally committed a constitutional violation. *Keith*, 843 F.3d at 837–38 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.")). It is not enough that a defendant acted in a supervisory role when another defendant violated a plaintiff's constitutional rights. *Keith*, 843 F.3d at 838.

In his Response, Plaintiff alleges that he was told by Defendant Haubenstein that the Butler County Jail does not provide outside facility testing and that the order "comes from the top." Plaintiff asserts this is an "obvious insinuation" that the order is from Sheriff Herzet. Plaintiff argues that when an "executive officer signs an executive order into effect, that is a blatant attempt to staunch appropriate medical treatment from taking place." (Doc. 5, at 2.) However, Plaintiff fails to point to any such order or policy at the Butler County Jail.[1] Instead, Plaintiff asks the Court to investigate to determine who is responsible for the "no outside facility

---

[1] The Martinez report filed in this case includes Sheriff Herzet's Affidavit, in which he attests that he has never issued any verbal or written blanket instructions forbidding outside testing and to the best of his knowledge, the Butler County Detention Center does not have any such written or unwritten policy or procedure. (Doc. 13–1.) "The purpose of a Martinez report is simply to give the trial court sufficient information for the orderly consideration of issues." *Davis v. McKune*, 16 F.3d 415 (Table), 1994 WL 7106, *1 (10th Cir. 1994) (unpublished). "A *Martinez* report is often necessary in pro se cases such as this to develop a record sufficient for the trial judge to ascertain whether there are any factual or legal bases for the prisoner's claims." *Rider v. Werholtz*, 548 F. Supp. 2d 1188, 1202 (D. Kan. 2008) (citing *Hall*, 935 F.2d at 1109). "Although the district court may consider the report in dismissing a claim, it may not resolve disputed issues of material fact by simply accepting the reports factual findings when they conflict with those in the pleadings." *Nickelberry v. Pharaoh*, 221 F.3d 1352 (Table), 2000 WL 985665, at *1 (10th Cir. 2000) (unpublished) (citing *Hall,* 935 F.2d at 1109). "Therefore, a prisoner need only present sufficient information to contest a fact in the *Martinez* report in order to prevent dismissal on that ground." *Nickelberry*, 2000 WL 985665, at *1. Plaintiff has not sufficiently contested this fact.

testing" order or policy, and to hold Defendant Herzet accountable "[i]f he has a part in that instruction to the medical department." (Doc. 5, at 6.)

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted). Because Plaintiff has failed to allege any personal involvement by Defendant Herzet, Plaintiff's claims against him are dismissed.

On February 12, 2018, Plaintiff filed a Notice of Change of Address (Doc. 8), notifying the Court the he was transferred to the El Dorado Correctional Facility in El Dorado, Kansas. To the extent Plaintiff's request for relief seeks medical care in the form of proper STD screening (including testing for HIV/AIDS, Hepatitis C, and Herpes), dental work, and an eye/vision examination for proper corrective eyewear, the Court finds that Plaintiff's requests for injunctive relief are moot.

Article III of the Constitution extends the jurisdiction of federal courts only to "live, concrete" cases or controversies. *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010). "Article III's requirement that federal courts adjudicate only cases and controversies necessitates that courts decline to exercise jurisdiction where the award of any requested relief would be moot—i.e. where the controversy is no longer live and ongoing." *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994), *superseded by*

3

*statute on other grounds*. Consequently, "[m]ootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *Rio Grande*, 601 F.3d at 1109 (internal quotations and citations omitted).

"Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief." *O'Shea v. Littleton*, 414 U.S. 488, 495 1974). The Tenth Circuit has applied this principle to § 1983 actions brought by inmates, and held that an inmate's transfer from one prison to another generally renders moot any request for injunctive relief against the employees of the original prison concerning the conditions of confinement. *See Green v. Branson*, 108 F.3d 1296, 1299–1300 (10th Cir. 1997); *see also Wirsching v. Colorado*, 360 F.3d 1191, 1196 (10th Cir. 2004) (inmate's release from prison moots his claims for declaratory and injunctive relief); *McAlpine v. Thompson*, 187 F.3d 1213, 1215 (10th Cir. 1999) (recognizing prisoner's release from prison mooted his § 1983 claim for injunctive relief); *Love v. Summit County*, 776 F.2d 908, 910 n.4 (10th Cir. 1985) (noting transfer of inmate to different prison renders his § 1983 claim for injunctive relief moot).

The mootness doctrine is based on the reality that even if the inmate receives injunctive relief, the defendants from the former prison would be unable to provide the relief to plaintiff. Plaintiff was transferred from the Butler County Detention Facility after he filed his Complaint. To the extent Plaintiff seeks injunctive relief, his claims are moot and therefore dismissed.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's claims against Defendant Kelly Herzet are hereby **dismissed.**

**IT IS FURTHER ORDERED** that Plaintiff's requests for injunctive relief are **denied as moot.**

**IT IS SO ORDERED**.

**Dated on this 9th day of March, 2018, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**SAM A. CROW**
**U. S. Senior District Judge**