IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER KEMMERLY,

Plaintiff,

v.                                               Case No. 17-3159-JWB

BROOK HAUBENSTEIN,

Defendant.

**MEMORANDUM AND ORDER**

This case comes before the court on Defendant's motion for summary judgment. (Doc. 19.) The motion is ripe for decision as Plaintiff has failed to file a timely response. (Docs. 20, 21, 30.) Defendant's motion is GRANTED for the reasons stated herein.[1]

### I. Procedural History

On March 16, 2018, Defendant moved for summary judgment. (Doc. 19.) As required by Local Rule 56.1(f), Defendant provided Plaintiff, who is proceeding pro se, with the required notice regarding motions for summary judgment. (Doc. 22.) The notice was mailed to Plaintiff's address of record. (Doc. 22.) Plaintiff's original response deadline was April 16, 2018. Plaintiff failed to respond by that date. On May 2, Plaintiff moved for an order denying Defendant's motion and also sought an extension to respond. (Doc. 28.) The court granted the extension but denied Plaintiff's request to deny Defendant's motion. (Doc. 30.) The court ordered Plaintiff to respond on or before July 9 and stated that a failure to respond would result in the court considering Defendant's facts set forth in the motion for summary judgment as uncontested pursuant to Local Rule 7.4. The court's order was mailed to Plaintiff's address of record on file with the court but

---

[1] In light of the court's ruling, Defendant's motion for ruling (Doc. 25) is denied as moot.

1

subsequently returned to the court as Plaintiff has been released from custody. (Doc. 33.) Plaintiff, however, failed to notify the court of his change of address.

Pursuant to Local Rule 5.1(c)(3), Plaintiff is required to notify the court of his current mailing address. Any notice sent to Plaintiff's last address of record, including the court order granting the extension, is deemed to be sufficient notice. D. Kan. Rule 5.1(c)(3).

Therefore, because Plaintiff has failed to timely file a response as required by the court, Defendant's statement of facts set forth in the memorandum are deemed to be admitted. D. Kan. Rule 7.4.

## II. Uncontroverted Facts

Plaintiff was incarcerated in the Butler County Jail ("the jail") in 2017. At all times relevant to the complaint, Plaintiff was a pretrial detainee. (Doc. 1 at 3.) During his incarceration at the jail, he received medical care by various professionals. Defendant Haubenstein is a nurse who is employed by Advanced Correctional Healthcare, Inc., and provides medical services to inmates at the jail. (Doc. 12 at 1.)

On July 24, 2017, Plaintiff was seen by Defendant for a physical. During the appointment, Plaintiff informed Defendant that he had a chipped tooth from an incident that occurred three months prior to his incarceration. Plaintiff did not complain of tooth pain. Plaintiff also denied that he had a sexually transmitted disease ("STD") and did not complain of STD symptoms. Plaintiff indicated that he wore contacts but did not tell Defendant that he had an issue with his contacts. (Doc. 20 at 1, 4-5.)

On August 2, Defendant responded to Plaintiff's question regarding corrective lenses. Defendant told Plaintiff that he could purchase reading glasses from the commissary or have his

family purchase a pair of glasses. Defendant further instructed Plaintiff to submit a sick call request if he had headaches. (Doc. 20 at 2.)

On August 2, 2017, Plaintiff submitted a sick call request. Plaintiff requested blood work and a urine analysis for STDs. Plaintiff stated that he had stomach pain and pain in his genitals. He also requested to see a dentist and asked for corrective lenses. On August 6, Nurse Lacey, who is not a named defendant, examined Plaintiff. Plaintiff was fully examined and treated. A urinalysis was performed that showed trace protein but all other values were within normal limits. Plaintiff was prescribed Tylenol and told to use a salt water rinse for 5 days. Also, a request was sent to Walmart Vision Center in order to obtain Plaintiff's prior eye examination. (Doc. 20 at 2-3.)

On August 23, 2017, Plaintiff filed a grievance and stated that he needed glasses and medical care for his abdominal pain and tooth. On August 24, Defendant submitted a response to the grievance. Defendant told Plaintiff that he needed to submit a sick call request if he needed medical care for the abdominal issues or tooth pain. Defendant stated that the jail does not provide glasses or contacts but that Plaintiff's family could send in his glasses. (Doc. 20 at 3.)

On August 26, Plaintiff filled out a sick call request. Plaintiff indicated that he had a burning sensation in his urethra and possible STD. On September 1, Plaintiff was examined by Nurse Lacey. Nurse Practitioner Bergkamp diagnosed Plaintiff with an STD and prescribed medication to treat the condition. A urinalysis was completed and it was negative. Plaintiff was instructed to take the medications and follow up as directed. (*Id.* at 3-4.)

On September 6, Plaintiff was seen by Nurse Practitioner Bergkamp due to complaints of vision loss, urethral pain and tooth sensitivity to warm/cold foods. Nurse Practitioner Bergkamp examined Plaintiff and diagnosed him with urethritis, a cavity, and long-term vision loss myopia.

She prescribed him Azithromycin for the urethritis, Dentamp for his tooth, and instructed him to use reading glasses as needed. Defendant processed the orders. (*Id.* at 4.)

On September 20, 2017, Plaintiff filled out a sick call request regarding his tooth issue and for discomfort in his genital area. On September 25, 2017, Nurse Knockstett examined Plaintiff with respect to his complaint regarding his urethra. Plaintiff did not relay any complaints about his tooth during the visit. Nurse Practitioner Bergkamp ordered Azithromycin and stated that there would be a follow up with a urinalysis if Plaintiff had continued concerns. (*Id.* at 5.)

On October 23, 2017, Plaintiff requested Dentek for his cavity. Nurse Practitioner Bergkamp ordered Denetek cavity filler for 30 days and told Plaintiff to follow up if he had continued symptoms. Plaintiff was also educated on good oral care by Nurse Knockstett. (*Id.* at 5.)

On November 3, 2017, although Plaintiff requested medical care, Plaintiff refused to be seen by Nurse Geiman. Plaintiff wanted to see a specialist and not a nurse. Plaintiff signed a treatment refusal form. (*Id.* at 5-6.)

On November 26, 2017, Nurse Geiman saw Plaintiff after he requested athlete's foot cream and more Dentek. Nurse Practitioner Bergkamp ordered Dentek Filler for Plaintiff. Plaintiff was told to follow up if needed. (*Id.* at 6.)

During Plaintiff's incarceration at Butler County, Plaintiff was regularly seen by medical personnel. Plaintiff's requests for medical care were never ignored by Defendant or any other medical provider at the jail. The medical care provided by Defendant was within the standard of care in the community. Plaintiff was never denied any necessary treatment or medical care. (*Id.* at 6-7.)

### III. Summary Judgment Standards

Summary judgment is appropriate if the moving party demonstrates that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is "material" when it is essential to the claim, and the issues of fact are "genuine" if the proffered evidence permits a reasonable jury to decide the issue in either party's favor. *Haynes v. Level 3 Commc'ns*, 456 F.3d 1215, 1219 (10th Cir. 2006). The movant bears the initial burden of proof and must show the lack of evidence on an essential element of the claim. *Thom v. Bristol—Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). The nonmovant must then bring forth specific facts showing a genuine issue for trial. *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005). The court views all evidence and reasonable inferences in the light most favorable to the nonmoving party. *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

### IV. Analysis

Plaintiff filed this action on September 11, 2017, alleging a claim pursuant to 42 U.S.C. § 1983. Plaintiff contends that Defendant violated his Eighth Amendment right to be protected from cruel and unusual punishment. To prevail on a claim under § 1983, Plaintiff must show the deprivation of a right secured by the Constitution and laws of the United States committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988). It is undisputed here that Defendant was acting under color of state law at all relevant times. Plaintiff's allegations contend that Defendant was deliberately indifferent to his serious medical needs concerning his treatment for a suspected STD, a broken tooth, and corrective

eyewear. Plaintiff contends that he should be entitled to proper STD screening and bloodwork, dental work and an eye examination, including corrective eye surgery.

Under the Fourteenth Amendment due process clause, pretrial detainees are entitled to the same degree of protection against denial of medical attention as are inmates under the Eighth Amendment. *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009). A jail official violates the Eighth Amendment's prohibition against cruel and unusual punishment when the official exhibits deliberate indifference to an inmate's serious medical needs. *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005).

Deliberate indifference encompasses two components. *Mata*, 427 F.3d at 751 (citing *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)). First, there is an objective component, which requires proof that Defendant's medical need was sufficiently serious.

> We have said that a "medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock*, 218 F.3d at 1209 (quoting *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir.1999)[]. Where the necessity for treatment would not be obvious to a lay person, the medical judgment of the physician, even if grossly negligent, is not subject to second-guessing in the guise of an Eighth Amendment claim. *See, e.g., Green v. Branson*, 108 F.3d 1296, 1303 (10th Cir. 1997). Moreover, a delay in medical care "only constitutes an Eighth Amendment violation where the plaintiff can show the delay resulted in substantial harm." *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001) (quotation omitted). The substantial harm requirement "may be satisfied by lifelong handicap, permanent loss, or considerable pain." *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001).

*Mata*, 427 F.3d at 751.

The second part of the deliberate indifference test involves a subjective component. It requires Plaintiff to present evidence of Defendant's culpable state of mind. *Mata*, 427 F.3d at 751 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

> The subjective component is satisfied if the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the

6

inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."

*Mata*, 427 F.3d at 751 (citing *Estelle*, 429 U.S. at 104-105)). The subjective component "is akin to 'recklessness in the criminal law'" in which the person must consciously disregard a substantial risk of serious harm. *Self v. Crum*, 439 F.3d 1227, 1231 (10th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 839, 114 S. Ct. 1970 (1994)).

Case authority recognizes at least two types of conduct as deliberate indifference. In the first, a medical professional may fail to treat an inmate's serious medical condition properly. But "the medical judgment of [a] physician, even if grossly negligent, is not subject to second-guessing in the guise of an Eighth Amendment claim." *Mata*, 427 F.3d at 751; *Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). A jail medical professional who exercises her considered medical judgment does not face liability under the subjective component "absent an extraordinary degree of neglect." *Self*, 439 F.3d at 1232. "So long as a medical professional provides a level of care consistent with the symptoms presented by the inmate, absent evidence of actual knowledge or recklessness, the requisite state of mind cannot be met." *Id.* at 1233.

A second type of conduct qualifying as deliberate indifference occurs when prison officials prevent an inmate from receiving treatment or deny him access to medical personnel capable of evaluating the need for treatment. *Sealock*, 218 F.3d at 1211. A medical professional will not ordinarily be liable for this type of indifference, because she is generally the person who provides the treatment. But if a medical professional knows that her role is to serve as a gatekeeper for other medical personnel capable of treating the condition, and if she delays or refuses to fulfill that gatekeeper role due to deliberate indifference, she may be liable for denying access to medical care. *Id.*; *Mata*, 427 F.3d at 751.

### A. Objective Component

Plaintiff must first satisfy the objective component which requires his medical need to be sufficiently serious. Plaintiff has identified three separate medical needs. Defendant contends that none of these medical needs are sufficiently serious. In considering whether a medical need is sufficiently serious, the court considers "both the symptoms initially presented to the prison employee as well as any resulting harm." *Duran v. Donaldson*, 663 F. App'x 684, 688 (10th Cir. 2016) (citing *Mata*, 427 F.3d at 753).

As shown by the undisputed facts, Plaintiff was only seen by Defendant on one occasion. At that time, Plaintiff only indicated that his tooth was broken but did not complain of any pain. On later occasions, Plaintiff was given medication for his tooth by other practitioners. Plaintiff, however, has presented no evidence of any resulting harm due to Defendant's failure to treat the tooth. Therefore, Plaintiff has not shown that his broken tooth was a serious medical need.

With respect to Plaintiff's STD, Plaintiff made no complaints of any STD symptoms to Defendant. Although Defendant did respond to a grievance filed by Plaintiff, that grievance did not complain of STD symptoms. Plaintiff was treated by other medical providers for his STD. Based on the uncontroverted facts, Plaintiff has failed to establish that the medical need for STD treatment, as presented to Defendant, was sufficiently serious.

Finally, Plaintiff contends that Defendant was deliberately indifferent to his need for glasses. Defendant, however, has failed to show that he has been diagnosed as needing prescription glasses. *Mata*, 427 F.3d at 751. Moreover, based on Defendant's only treatment of Plaintiff, there was no evidence that Plaintiff had a medical need for glasses. Based on a review of the uncontroverted facts, Plaintiff requested glasses on several occasions; however, there is no evidence that the need for glasses was sufficiently serious. Plaintiff has not suffered any injury

due to the failure to provide glasses. Plaintiff has not introduced any evidence of a resulting harm due to the lack of glasses while Plaintiff was confined in the jail. *See Duran*, 663 F. App'x at 689 (A "[d]elay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show the delay resulted in substantial harm.")

The court finds that Plaintiff has failed to introduce any evidence that would satisfy the objective component of the deliberate indifference test.

### B. Subjective Component

Even if Plaintiff's conditions were sufficiently serious to meet the objective component, Plaintiff cannot establish that Defendant was indifferent to Plaintiff's medical needs. In reviewing the subjective inquiry, the question is limited to "consideration of the doctor's knowledge at the time he prescribed treatment for the symptoms presented, not to the ultimate treatment necessary." *Self*, 439 F.3d at 1233. Defendant saw Plaintiff on a single occasion. At that visit, Plaintiff did not complain of tooth pain, denied that he had an STD and did not complain about his contacts. On August 2, Defendant responded to a written grievance and told Plaintiff that he could purchase reading glasses and also that he should submit a sick call request if he had headaches. Defendant responded to another grievance submitted by Plaintiff on August 23. Defendant informed Plaintiff that he needed to submit a sick call request if he needed medical care.

At no point during Plaintiff's incarceration was he denied medical care by Defendant. Plaintiff's complaint seeks treatment for STDs, treatment for his tooth and corrective eye surgery. On the single occasion that Defendant saw Plaintiff, Plaintiff did not complain about these medical issues. Moreover, every sick call requested by Plaintiff was responded to. "So long as a medical professional provides a level of care consistent with the symptoms presented by the inmate, absent evidence of actual knowledge or recklessness, the requisite state of mind cannot be met." *Id.* At

the time Plaintiff was examined by Defendant, he did not complain of the medical issues that are the subject of this action. Moreover, Defendant instructed Plaintiff to request a sick call if he had any symptoms. The fact that Defendant denied Plaintiff's request for glasses does not establish deliberate indifference. Plaintiff was examined by Nurse Practitioner Bergkamp who determined that Plaintiff only needed reading glasses. Moreover, Plaintiff never complained of any side effects due to not having glasses. Defendant instructed Plaintiff to request medical treatment in the event of headaches, but Plaintiff never did so. Also, a review of the record shows that Plaintiff never complained of any physical symptoms due to a lack of glasses. For example, Plaintiff did not run into things, fall, or complain of fuzzy vision. Therefore, Defendant's response was not indifferent to his medical needs as Plaintiff has not established that a failure to provide reading glasses caused him any harm.

The uncontroverted facts do not show that Defendant "failed to act despite [her] knowledge of a substantial risk of serious harm." *Farmer*, 511 U.S. at 842. The uncontroverted facts show that Plaintiff was treated for all medical conditions that he complained of. When there is treatment consistent with symptoms complained of, an "inference of deliberate indifference is unwarranted." *Self*, 439 F.3d at 1232-33. Moreover, Plaintiff is required to introduce evidence of Defendant's culpable state of mind and he has failed to do so. *Mata*, 427 F.3d at 751. In light of the extensive medical record and prompt treatment in response to all sick calls, the court finds that Defendant was not deliberately indifferent to Plaintiff's medical needs.

## V. Conclusion

Defendant's motion for summary judgment is granted (Doc. 19) for the reasons herein. The clerk is instructed to enter judgment in favor of Defendant.

IT IS SO ORDERED this 19th day of July, 2018.

_s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE